UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JACK BLAIR (#304924)                                CIVIL ACTION

VERSUS

RICHARD STALDER, ET AL.                             NO. 07-0836-C-M2

NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have ten (10) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within 10 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in chambers in Baton Rouge, Louisiana, January 14, 2008.

MAGISTRATE JUDGE CHRISTINE NOLAND

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**JACK BLAIR (#304924)**                                          **CIVIL ACTION**

**VERSUS**

**RICHARD STALDER, ET AL.**                                       **NO. 07-0836-C-M2**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The pro se plaintiff, an inmate confined at the Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Secretary Richard L. Stalder, Warden Burl Cain, and Inmate Records Officer Mary Cockerham-Wilson-Strickland, complaining that his constitutional rights have been violated by the miscalculation of his release date by the defendants.  Specifically, he asserts that he has been denied appropriate credit for time which, pursuant to his plea agreement, was supposed to be served concurrently with other sentences imposed against him in other proceedings.  He seeks to be awarded "jail credits afforded me by the sentencing judge", together with monetary damages as a result of the defendants' alleged wrongful conduct.

An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law.  Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992), citing Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995).  A § 1915(e) dismissal may be made at any time, before or after service of process, and before or after an answer is filed.  Green v. McKaskle, supra.  In addition, 28 U.S.C. § 1915A provides that a Court shall review, as soon as practicable after docketing, a newly filed complaint and shall dismiss same, or any

portion thereof, if the Court determines that the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted".

In the instant case, the plaintiff alleges that, pursuant to a plea agreement reached in September, 1992, he was sentenced to two 20-year sentences of confinement, which sentences were to be served consecutively to each other but concurrently with any other sentences which the plaintiff was then serving.  The plaintiff complains, however, that notwithstanding numerous complaints and legal proceedings, including a legal proceeding which resulted in an Order from the Louisiana First Circuit Court of Appeal directing the defendants to properly calculate the plaintiff's credits, see Blair v. Stalder, 798 So.2d 132 (La. App. 1st Cir. 2001), the defendants have failed and refused to grant him appropriate credit for time served in connection with the other sentences.  Accordingly, he asserts that the defendants have wrongly calculated his release date, and he seeks to be awarded both the concurrent credits allegedly due him under his plea agreement and monetary damages resulting from the defendants' alleged misconduct.

Initially, to the extent that the plaintiff seeks an earlier release from confinement, this claim must be asserted in a habeas corpus proceeding pursuant to 28 U.S.C. § 2241.  In this regard, when a prisoner brings a claim that directly or indirectly challenges the length or constitutionality of his confinement, the claim must be pursued in a habeas corpus proceeding. Serio v. Members of the Louisiana State Bd. of Pardons, 821 F.2d 1112, 1117 (5th Cir. 1987).  Accordingly, because the plaintiff complains herein of the miscalculation of his release date, his claim necessarily calls into question the fact or length of his confinement, and he must therefore first pursue this claim in a habeas corpus proceeding.  Keenan v. Bennett, 613 F.2d 127 (5th Cir. 1980);

Wilson v. Foti, 832 F.2d 891 (5th Cir. 1987).

Turning to the plaintiff's claim for monetary damages in connection with his alleged wrongful confinement, the Court concludes that the Complaint fails to state a cause of action. Pursuant to Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), an inmate-plaintiff's claim for monetary damages resulting from an alleged wrongful confinement is not cognizable unless and until the confinement has been effectively challenged and overturned in a separate proceeding. As stated in Heck, an inmate's claim under § 1983 is barred whenever "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." Id. In that event, "the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Id. As further elucidated in Heck:

> In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

Heck v. Humphrey, supra.

In the present case, a favorable resolution of the plaintiff's claims, i.e., a determination that he is entitled to monetary damages because his release date has been wrongly calculated, would necessarily imply that the plaintiff's sentence of confinement should be recalculated and likely curtailed. Since this would result in a shortening of his period of confinement and since he has failed to allege that he has effectively challenged the defendants' time computation or called same

into question in a separate proceeding, the plaintiff's claim falls squarely within the holding of Heck v. Humphrey. Although the plaintiff has apparently obtained an Order from the Louisiana appellate court, entered in 2001, which concluded that the Louisiana Department of Public Safety and Corrections was legally obligated to properly calculate his jail credits but had failed to do so, and further directed the Department to perform such calculation, see Blair v. Stalder, supra, the plaintiff has not obtained any subsequent judicial determination that the calculation subsequently performed by the Department is in error. Accordingly, in the Court's view, he has not obtained the ruling mandated by Heck, i.e., a ruling which calls into question the constitutionality of his current confinement. Therefore, his cause of action under § 1983 for monetary damages attributable to his alleged unconstitutional confinement has not yet accrued. Boyd v. Biggers, 31 F.3d 279, 284 (5th Cir. 1994) ("Dismissal of the § 1983 action under 28 U.S.C. § 1915(d) is appropriate, post-Heck, because the plaintiff's action has been shown to be legally frivolous"). See also Stephenson v. Reno, 28 F.3d 26 (5th Cir. 1994); Johnson v. McElveen, 101 F.3d 423 (5th Cir. 1997). It is therefore appropriate that the plaintiff's § 1983 claim for monetary damages be dismissed, with prejudice to its being asserted again until the conditions set forth in Heck v. Humphrey, supra, are met. Arvie v. Broussard, 42 F.3d 249 (5th Cir. 1994).

## RECOMMENDATION

It is the recommendation of the Magistrate Judge that the plaintiff's claims be dismissed as legally frivolous pursuant to 28 U.S.C. §§ 1915 and 1915A, with prejudice to their being asserted again until the conditions set forth in Heck v. Humphrey, supra, are met. See, e.g., Johnson v. McElveen, 101 F.3d 423 (5th Cir. 1997) ("Under Heck, [the

plaintiff] cannot state a claim so long as the validity of his conviction has not been called into question as defined therein, which requires dismissal of claims not meeting its preconditions for suit").[1]

Signed in chambers in Baton Rouge, Louisiana, January 14, 2008.

_____
**MAGISTRATE JUDGE CHRISTINE NOLAND**

---

[1] Note that 28 U.S.C. § 1915(g) provides that, "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."